IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANA J.,<br><br>             Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>             Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case #4:22-cv-00065-PK<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff Dana J.'s appeal from the decision of the Social Security Administration denying her application for disability insurance benefits.[1] The Court affirms the administrative ruling.

I.  STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied.[2] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[3] The ALJ is required to consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[4] If supported by substantial evidence, the Commissioner's findings are conclusive and must be

---

[1] Docket No. 20.

[2] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[3] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[4] *Id.* at 1009–10.

affirmed.[5] The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[6] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[7]

## II.  BACKGROUND

A. PROCEDURAL HISTORY

On February 19, 2020, Plaintiff filed an application for disability insurance benefits, alleging disability beginning on October 18, 2019.[8] The claim was denied initially and on reconsideration.[9] Plaintiff then requested a hearing before an ALJ,[10] which was held on November 4, 2021.[11] On November 24, 2021, the ALJ found that Plaintiff was not disabled.[12] The Appeals Council denied review on July 5, 2022,[13] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[14]

On September 12, 2022, Plaintiff filed her complaint in this case.[15] On September 30, 2022, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth

---

[5] *Richardson*, 402 U.S. at 390.

[6] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[7] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[8] R. at 191–92.

[9] *Id.* at 64, 81.

[10] *Id.* at 118–19.

[11] *Id.* at 31–63.

[12] *Id.* at 14–30.

[13] *Id.* at 1–6.

[14] 20 C.F.R. §§ 416.1481, 422.210(a).

[15] Docket No. 5.

Circuit.[16] The Acting Commissioner filed an answer and the administrative record on November 2, 2022.[17]

Plaintiff filed her Opening Brief on May 1, 2023.[18] The Acting Commissioner's Answer Brief was filed on July 27, 2023.[19] Plaintiff filed her Reply Brief on August 11, 2023.[20]

B.      MEDICAL EVIDENCE

Plaintiff sought disability based on stage 3 melanoma, history of stage 1 ovarian cancer, chronic migraines, and memory issues.[21] At the hearing before the ALJ, Plaintiff testified that she suffers from headaches daily.[22] Despite receiving various treatments, Plaintiff's headaches have continued.[23]

Plaintiff has a history of ovarian cancer and was treated with a salpingo-oophorectomy in October 2014.[24] In 2017, Plaintiff underwent surgery for a malignant melanoma on her upper back.[25] She also has a long history of receiving treatment for her headaches.[26]

---

[16] Docket No. 11.

[17] Docket Nos. 12–17.

[18] Docket No. 20.

[19] Docket No. 25.

[20] Docket No. 27.

[21] R. at 218.

[22] *Id.* at 53.

[23] *Id.* at 45–46, 51–52, 55.

[24] *Id.* at 899.

[25] *Id.* at 872–75.

[26] *Id.* at 277, 282, 287, 292, 311, 316, 321, 326, 331, 337, 342, 347, 357, 367, 377, 387, 484, 518, 536, 542, 578, 585, 593, 604, 619, 633, 648, 662, 676, 704, 718, 749, 761, 774, 811, 831, 843, 888, 909, 920, 931, 944, 953, 961, 976, 982, 993, 1049, 1094, 1185, 1264, 1279, 1322, 1334.

C. THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 18, 2019, the alleged onset date.[27] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: chronic migraines without aura, obesity, depression, and anxiety.[28] At step three, the ALJ found that Plaintiff did not meet or equal a listed impairment.[29] The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain restrictions.[30] At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work.[31] At step five, the ALJ found that there were jobs that exist in significant numbers that Plaintiff could perform and, therefore, she was not disabled.[32]

### III. DISCUSSION

Plaintiff takes issue with the ALJ's evaluation of her migraine headaches. Social Security Ruling ("SSR") 19-4p sets out how an ALJ should evaluate cases involving headache disorders in the sequential evaluation process.[33] At step two, the ALJ must determine whether a headache disorder is a severe impairment.[34] At step three, the ALJ considers whether a headache disorder

---

[27] *Id.* at 19.
[28] *Id.* at 19–20.
[29] *Id.* at 20–22.
[30] *Id.* at 22–24.
[31] *Id.* at 24–25.
[32] *Id.* at 25–26.
[33] 2019 WL 4169635 (Aug. 26, 2019).
[34] *Id.* at *2.

4

medically equals Listing 11.02.[35] "If a person's primary headache disorder, alone or in combination with another impairment(s), does not medically equal a listing at step three of the sequential evaluation process, [the ALJ] assess[es] the person's [RFC]."[36] The ALJ "must consider and discuss the limiting effects of all impairments and any related symptoms when assessing a person's RFC."[37]

Here, the ALJ determined that Plaintiff's migraine headaches were a severe impairment but that they did not meet or equal Listing 11.02. Plaintiff does not appear to challenge either conclusion, but Plaintiff argues that the ALJ erred in relying on old statements to conclude that her migraines were not as disabling as Plaintiff suggests.

The ALJ noted Plaintiff's claims that her headaches render her unable to function.[38] However, the ALJ concluded that the "[m]edical records fail to document disability."[39] The ALJ discussed largely normal imaging of the brain and reports that Plaintiff's pain was alleviated by medications.[40] The ALJ also cited to records reporting that Plaintiff walked a mile and a half each day, attended massage therapy, rode her bike regularly, and helped take care of her grandchildren.[41] This evidence, the ALJ concluded, was inconsistent with Plaintiff's testimony that her headaches were debilitating.

---

[35] *Id.* at *7.
[36] *Id.*
[37] *Id.*
[38] R. at 23.
[39] *Id.*
[40] *Id.* at 22, 542.
[41] *Id.* at 21, 24.

Plaintiff argues that her symptoms worsened overtime and that the ALJ's decision is unsupported because it relied on statements made prior to her headaches becoming disabling. Plaintiff points out that many of the medical records are repetitive, with new records being added to old. While this is true, it does not render the ALJ's assessment unsupported. The ALJ reviewed all of the medical evidence—some of which supported Plaintiff's complaints and some of which detracted from them—and concluded that Plaintiff's complaints were not fully supported. While the ALJ could have reached a different conclusion based on the evidence, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[42] Moreover, the ALJ included limitations in his RFC assessment to address Plaintiff's headaches, including limitations on the amount of noise Plaintiff can be exposed to and the type of work she can perform.[43] Thus, the ALJ's treatment of Plaintiff's headaches complied with the requirements of SSR 19-4p and is supported by substantial evidence.

Plaintiff similarly argues that the ALJ erred in evaluating her subjective complaints of pain. Under SSR 16-3p, the ALJ must first determine whether an individual has a medically determinable impairment that could reasonably be expected to produce the individual's alleged symptoms.[44] Next, the ALJ evaluates the intensity and persistence of an individual's symptoms to determine the extent to which an individual's symptoms limit his or her ability to perform

---

[42] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).
[43] R. at 22.
[44] SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017).

work-related activities.[45] In making this determination, the ALJ examines a number of factors, including:

> 1. Daily activities; 2. The location, duration, frequency, and intensity of pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.[46]

In so doing, the ALJ does not "assess an individual's overall character or truthfulness."[47] Instead, the ALJ is to "focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the adjudicator's evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities."[48]

Plaintiff argues that the ALJ failed to consider the relevant factors. But a reading of the ALJ's decision belies this notion. The ALJ discussed Plaintiff's daily activities, her pain symptoms, her use of medication and other treatment measures, as well as the measures Plaintiff had and had not taken to relieve her pain. In assessing this evidence, the ALJ concluded that Plaintiff's complaints of debilitating headaches were not fully supported. Plaintiff's arguments to the contrary essentially ask the Court to reweigh the evidence and substitute its judgment for that

---

[45] *Id.* at *4.

[46] *Id.* at *7–8.

[47] *Id.* at *11.

[48] *Id.*

of the ALJ, which it cannot do. In sum, the ALJ's decision is free from legal error and supported by substantial evidence.

## IV.  CONCLUSION

Having made a thorough review of the entire record, the Court affirms the Commissioner's decision.

DATED this 21st day of August, 2023.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge
